### DE JEAN MITCHELL *v.* EDWIN M. MEAD.

#### [46 South., 58.]

GARNISHMENT. *Justice of the peace. Default by garnishee. Appeal. Circuit court. Answer.*

A garnishee against whom a judgment by default has been rendered in the court of a justice of the peace may appeal therefrom and his answer, although filed in the circuit court for the first time, should not be stricken from the record because not filed in the justice's court.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Mead, appellee, was plaintiff in the court below. One Levy was defendant and Mitchell, appellant, was garnishee there. From a judgment in plaintiff's favor the garnishee, Mitchell, appealed to the supreme court. The facts are stated in the opinion of the court.

*W. R. Harper,* for appellant.

This court has uniformly held on appeals from every judgment of a justice of the peace, that the case is triable anew, and any proper defense may be for the first time set up in the circuit court, and this, without regard to the question whether the judgment was one by default or not in the lower court.

Clearly, after the appeal bond was given, and the appeal taken, the defendant had until the first day of the next term of the circuit court to file his answer to the writ of garnishment

and having done so previously, the answer stood as his protection. It was error in the court to strike the same from the files, more than three years afterwards, without notice to defendant.

There could be no more equitable case for relief, than the one presented by this record. The defendant may, in the first place, have been slightly negligent, but promptly took his appeal, giving a good bond, and answered as to the full amount of his indebtedness, and tender the small sum due into the court, and surely, under such circumstances he ought not to be mulcted for the debt of some other man. The principles of law involved are elementary and need no citation of authority.

*E. M. Barber,* for appellee.

Code 1906, § 2347, and Code 1892, § 2140, say that the garnishee shall in all cases in courts of justice of the peace file answer by noon of the return day unless, for cause shown, the court allows further time. It appears nowhere that appellant ever obtained leave to file answer, either in the magistrate's court or in the circuit court. Is the statute above quoted one of limitation or one of pleading? I consider it as being one of limitation on the garnishee's rights that will forever bar him from filing an answer unless leave be granted by the magistrate's court so to do before noon of the return day.

WHITFIELD, C. J., delivered the opinion of the court.

Mead obtained judgment before a justice of the peace in Harrison county against Levy, whereupon a writ of garnishment was issued commanding the appellant to appear and answer as to his alleged indebtedness to said Levy on December 20, 1902. On that day the case was continued to January 3, 1903, and on the latter day appellant, garnishee, failing to appear and answer, judgment by default was taken against him, and he appealed within five days to the next (May) term of the circuit court of Harrison county. Before that term convened, and on April 28, 1903, the garnishee filed his answer to the writ of garnishment, admitting an indebtedness of $7.50 and ten-

dered that amount into court. No further steps whatever were taken in the case until December, 1906, more than three years afterwards, when, upon motion, the court struck the answer of the appellant, garnishee, from the files and rendered a judgment against garnishee for the full amount of the claim of Mead against Levy. Manifestly this action was wrong.

The judgment is reversed, and the cause remanded, and the court below instructed to reinstate the garnishee's answer.

*Reversed.*