THE GULF & SHIP ISLAND RAILROAD COMPANY *v.* C. H. RAMSEY.

[54 South. 440.]

1. JUSTICE OF PEACE. *Process. Service. Presumption. Garnishment. Answer. Code* 1906, *sections* 3394 *and* 2347.

Under Code 1906, § 3394, a city marshal is ex-officio, a constable, and where a process from a justice of the peace is served by him, his return thereon is not invalid, because it failed to show that such process was executed within the city, the presumption being that he acted within his jurisdiction.

2. CODE 1906, SECTION 2347. *Garnishment. Answer.*

Under Code 1906, § 2347, a garnishee's answer in a case before a justice of the peace is required to be on file "by noon on the return day of the writ" and if it is not on file at that time, judgment may be taken unless the justice of the peace, on that day for good cause, grants further time to answer.

3. SAME.

Where a garnishee sends his answer by mail to the justice of the peace in time to be filed, but the same fails to reach the justice of the peace, and was not filed in time, the garnishee cannot afterwards file his answer either with the justice of the peace or in the circuit court on appeal.

APPEAL from the circuit court of Jones county. HON. PAUL B. JOHNSON, Judge.

Suit by C. K. Ramsey against Chas Youngblood with Gulf & Ship Island Railroad garnishee. From a judgment against the garnishee it appeals.

*Jas. H. Neville* and *B. E. Eaton,* for appellant.

The appellant makes two assignments of error. The first being that it was error for the circuit judge to refuse appellant the right to file its answer in the circuit court for the first time upon the showing made. By reference to appellant's application, set forth in the statement of facts, it will be seen that in good faith it, the appellant, undertook to faithfully comply with the writ and answer in the court of the justice of the peace. It is shown by the original envelope filed in this case, by the postmarks of the government on said envelope, as it also appears in appellant's application, that its answer was mailed in the postoffice at Gulfport, Mississippi, properly stamped, on the 2nd day of December, 1909, addressed to G. M. Jefcoat, J. P. Laurel, Miss. This envelope was received in the city of Laurel, as shown by the government stamp, on the 3rd day of December, 1909, at noon, and this was the day prior to the day of holding the term of court at which judgment was entered against appellant. The envelope containing appellant's answer remained in the Laurel postoffice unclaimed, and on the 7th day of December, 1909 was returned to the Gulf and Ship Island Railroad Company at Gulfport, being received in the said City of Gulfport at ten o'clock P. M. December 7th, 1909, and received by the appellant in its mail on December 8th, 1909.

The second assignment of error is that the judgment procured by the plaintiff in execution, Dr. C. H. Ramsey, against the defendant in execution, Chas. Youngblood, is absolutely void; and for that reason it cannot be made the predicate for the entry of any judgment against the appellant for failure to file an answer, even

if it had willfully refused to comply with the writ of the justice of the peace, commanding an answer to be made.

By reference to the original summons issued by the justice of the peace, it will be seen that the summons was directed to the sheriff or any constable of said (Jones) county, commanding Chas. Youngblood to appear before me, the said justice of the peace, at Laurel, Mississippi, on the 19th day of November, 1909, at ten o'clock a. m. The summons was properly signed by the justice of the peace, but was not served by either of the officers to whom it was directed, that is the sheriff or a constable of Jones county. The return upon the summons is as follows:

"I have this day executed the within writ personally by delivering to Chas. Youngblood, the within named defendant, a true copy of this writ. This the 13th day of November, A. D. 1909. Signed, B. Duckworth, marshal of the city of Laurel and ex-officio a constable."

On the return day, to-wit, the 19th day of November, a judgment was entered in favor of Dr. C. H. Ramsey by default against the defendant in execution, Chas. Youngblood, for ninety-six dollars and thirty-two cents, with six per cent interest and cost; but the judgment does not recite that the justice of the peace acquired any jurisdiction whatever of the defendant, nor does it show that the marshal of the city of Laurel acted within the scope of his legal authority in serving the summons upon the defendant.

The only authority given by law to a marshal to act as constable is that he shall confine his activities within the limits of the municipality for which he acts as marshal, and if he executes any process as a constable without the limits of the municipality he has acted without official authority and his acts are absolutely void. *Riley* v. *James*, 73 Miss. 1.

The court of the justice of the peace is an inferior court and a court of limited jurisdiction, and by statute the authority of a marshal acting as a constable is also

98 Miss.—55

inferior and limited. A full and complete discussion of the authority and power of such court and such officers is found in *Root et al.* v. *McFaren,* 37 Miss. 1.

The doctrine announced in this case was reaffirmed in *T. J. & R. C. Scott* v. *W. M. Porter,* 44 Miss. 364; *Betz* v. *Baxter,* 58 Miss. 334.

*Henry Hilbun,* for appellee.

Appellant assigns as error, first, that the court erred in refusing to allow the garnishee to file its answer for the first time in the circuit court.

We submit that the mailing of the answer to the justice of the peace was not sufficient, especially, as shown in this case, where the answer was not directed to the postoffice address of the justice of the peace, but was directed to a place that had never been his postoffice address.

Section 2347 of the Mississippi Code of 1906, provides that:

"Garnishees shall, in all cases in the circuit and chancery court, answer on the first day of the return term, and in the courts of the justices of the peace they shall answer by noon of the return day of the writ, unless the court for cause shown, shall grant further time."

It is admitted in this case that no answer was filed on the return day, and that the judgment against the garnishee for failure to answer, is as follows:

"If a garnishee personally summoned, shall fail to answer as required by law or if a *scire facias* on a judgment *nisi* be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand, and all costs, and such judgment shall be final, unless cause be shown to the contrary during the same term, and execution shall issue thereon."

The statute expressly provides that such judgments rendered against garnishees, personally summoned as

in this case, shall be final unless cause be shown to the contrary during the same term.

We have been unable to find, after diligent search and investigation, where the courts of this state have passed on this identical question, but the supreme court of Louisiana has passed on a case almost similar to the case at bar, and a very luminous opinion was handed down by Justice Samuel D. McEnery. We refer to the case of *Warren* v. *Copp*, 19 Southern Reporter, page 746.

We deny, as a matter of law, that the court has any discretion in a matter of this kind, and we insist that the statute is plain and easy to understand, and means exactly what it says that these judgments are final.

The appellant's second assignment of error is that the judgment procured by the plaintiff in execution, Dr. C. H. Ramsey, is void for the reason that the process on the defendant, Chas. Youngblood, was served by B. Duckworth, marshal of the city of Laurel, Mississippi, because plaintiff did not show affirmatively in the lower court that the defendant lived within the limits of the city of Laurel, and that the defendant was within the corporate limits of said city, when the process was served on him.

The reading of the record in this case shows clearly that this point was not raised in any manner by counsel for appellant in the court below. He was also silent as to this point in his motion for a new trial, as will be seen by examination of the record, and calls attention to this alleged fact for the first time, in his assignment of error. Why did counsel for appellant remain silent in the lower court and refuse to give the court the benefit of his views on this phase of the case? The question is not hard to answer.

Counsel for appellant, astute and resourceful as he is, knew that if this point was raised in the lower court, proof would be instantly made by the plaintiff in execution to show beyond a doubt, that the defendant, Chas. Youngblood, actually resided within the corporate limits

of the city of Laurel, when this suit was instituted, and that he was actually in the corporate limits of the city when the process was served on him.

We submit that in order for appellant to take advantage of this alleged defect in this court, the point should have been raised in the lower court, and embodied in the motion for a new trial, or in the same way brought to the attention of the court below.

"A motion for a new trial on the grounds of erroneous rulings in the admission or rejection of evidence should designate each of the particular rulings complained of, and make such special reference to the evidence as will clearly suffice to draw the mind of the trial judge to the consideration and the review of the exact rulings, the correctness of which are sought to be questioned, and if the motion for a new trial fail to do this, this court will not on appeal reverse because of any rulings on the evidence made by the trial court, since it cannot be known with certainty in such case that the question involved was brought to the attention of the court below, in the motion for a new trial." *Richburger* v. *State,* 44 So. Rep. 777.

We submit that the process of the defendant Chas. Youngblood was perfectly good, and that it was sufficient to warrant a judgment against him at the return term.

The case of *Root et al.* v. *McFerrin,* 37 Miss., page 17, cited by counsel for appellant, with such confidence and assurance, is not at all in point, as will be seen by even a casual reading of the case. Counsel quoted extracts from the decision in the case at length, but carefully and studiously avoided the statement of facts therein.

The presumption of the law is that the marshal, B. Duckworth, served the process on the defendant Youngblood, in the city of Laurel and that the defendant Youngblood, lived in the city of Laurel.

"It will be presumed that the person making service of process, was competent to do so. Thus, one who purports to serve process as an officer, authorized to serve the writ in question; one who purports to serve process as deputy will be presumed to have been duly authorized as such, when a coroner serves process, it will be presumed that the conditions existed which made such service proper."

"Facts as to the manner of services should ordinarily be stated, and it has been held that no presumption will supply an omission to allege the doing of that which the statute provides that the return shall show, it will be presumed, as to all facts not required to appear in the return, that the officer did his duty according to law." Cyc., page 513.

The marshal, Duckworth, in this case complied strictly with the statute, section 3927 of the Code of 1906, in making his return, after he had complied with the statute in this respect and the law is that it will be presumed that he did his full duty according to law, and did every thing else necessary to give the court jurisdiction of the person.

"If the return states that the sheriff served defendant, without stating where such service was made, it will be presumed that it was made within the county over which the officer's authority extended." 37 Cyc., p. 513.

It will, therefore, be presumed that the marshal, Duckworth, served the defendant, within the territory over which his authority extended, and appellant did not attempt to overcome this presumption in the court below.

"If the service can be deemed valid only in case defendant resides in the county where service is made, a presumption to that effect will be entertained to support the service." 32 Cyc., p. 513.

It follows therefore in the case at bar that the presumption is that the defendant, Youngblood, lived within

the corporate limits of the city of Laurel, and appellant, likewise, failed to offer any evidence to overcome this presumption in the court below.

"Every legal presumption is in favor of the truth of the sheriff's return." 32 Cyc., p. 513.

MAYES, C. J., delivered the opinion of the court.

It appears from this record that on the 8th day of November, 1909, Dr. C. H. Ramsey began a suit against Charles Youngblood, in the proper justice of the peace district of Jones county, for the sum of ninety-six dollars and thirty-two cents. On the day the suit was begun summons was issued by the justice of the peace, notifying Youngblood of the suit; the summons being addressed to "the sheriff or any constable" of the county, as required by law. The justice court for the district in which this suit was instituted was regularly held in the city of Laurel as the permanent place fixed for the holding of the court. The summons was personally executed on the 13th day of November, six days before the convening of the term of court by the justice of the peace at which this judgment was rendered, and the summons was served by "B. Duckworth, marshal of the city of Laurel, Miss., and ex-officio a constable;" the above being the exact return as it appears in the record. Section 3394, Code of 1906, provides that "The marshal shall be ex-officio a constable." On the 19th of November, the defendant not appearing, a judgment by default was rendered against him. Immediately following the judgment the plaintiff in execution, Ramsey, made an affidavit under section 2743 of the Code of 1906, praying for the immediate issuance of an execution, and stating that he would be in danger of losing his debt if delayed, and also suggesting that the Gulf & Ship Island Railroad Company was indebted to Youngblood, and praying for a writ of garnishment. The writ of garnishment was accordingly issued, and on the same day of the rendition

of the judgment, on the 19th day of November, 1909, service of the garnishment was had on J. A. Gregory, agent of the railroad at Laurel, summoning the railroad company to appear at the next term of the justice court, to be held on the 4th day of December, 1909, in Laurel, at ten a. m., then and there to make answer, etc. The writ of garnishment was served personally on the 19th day of November by W. P. Valentine, constable. The justice court met on the 4th day of December, 1909, and, no answer being filed by the railroad company, a judgment by default was rendered against it on the garnishment for the full amount of the judgment, with six per cent. interest until paid.

Two or three days later, and after the adjournment of the justice court, the Gulf & Ship Island Railroad Company took an appeal to the circuit court. When the case was reached in the circuit court, and called for trial, appellants made a motion to be allowed to file their answer in the circuit court for the first time, accompanying the motion with the affidavit of W. L. Dunham, treasurer of the railroad. The affidavit denies that the railroad company owed anything to Youngblood at the date the garnishment was served on it, or that it has since owed him anything, and denies that it knows of any one that does owe anything to Youngblood. The affidavit further states that he undertook to make answer as required by law, and did make the answer, and mailed same to the proper justice of the peace on the 2d day of December, 1909, correctly addressed to him at Laurel, Miss., the place where the court was to be held. It is further stated in the affidavit that affiant did not know why the answer was never received by the justice of the peace, but on the 7th day of December it was returned, as unclaimed, to the office of the railroad company in Gulfport, and the answer so prepared and envelope are filed as exhibits. This affidavit is followed by an agreed statement of facts to the effect that no answer was filed

as required by law; that the justice of the peace held his court on the proper day, and that judgment against the garnishee was not taken until the afternoon of the day; that the postoffice of the justice of the peace is at Soso, Miss., a distance of ten miles from Laurel, but that Laurel was the place where the court was regularly held for two or three years preceding this occurrence. It is further agreed that all objections are waived that might be urged because the garnishee did not file the answer on the first day of the term of the circuit court, but objection is made on the part of appellee to appellant being allowed to file any answer, for the first time in the circuit court, and the right to object on this account is reserved and insisted upon. The circuit judge overruled the motion of appellants to be allowed to file an answer for the first time in the circuit court, and gave judgment against the railroad as for failure to answer, from which judgment the railroad appeals.

It is insisted by appellant that the judgment is void because it appears that the defendant in the original action was served with a summons by the marshal and ex-officio constable of the city of Laurel, but it does not appear from the return that the marshal served the summons within the city of Laurel, which constituted the limits of the jurisdiction within which the marshal had a right to act. It is then argued that as the judgment itself is void, then all process issuing from it is void, and therefore no valid judgment could be rendered against the garnishee. Section 3394 makes the marshal an ex-officio constable. The marshal is a sworn officer, acting under oath, and all presumptions are to the effect that he has done his duty in serving the process and in the manner required by law. See 32 Cyc., p. 511 *et seq.*, and notes.

The next contention is that under the circumstances the railroad company should be allowed to file answer for the first time in the circuit court. In the first place,

it was the duty of appellant to know that the answer had been filed, if it desired to file an answer. The law requires the answer to be on file before the justice of the peace "by noon on the return day of the writ," and if it be not on file at that time judgment may be taken. See section 2347, Code 1906. If the party be there, and desire further time for answer, the court may, in its discretion, grant further time. If the party do not appear until after the noon hour but appears before the adjournment of the court, the court may even then allow the answer to be filed; but none of these things happened in this case. The mailing of the answer was not sufficient, unless it actually accomplished its purpose and was actually filed. The statute says the garnishee in a justice of the peace court "shall answer by noon on the return day of the writ," and if he fail to answer during the term of court at which he is required to answer he is then precluded from afterwards filing the answer, either in the justice court or on appeal in the circuit court. The same reasons which preclude a defendant from filing an offset for the first time in the circuit court, on an appeal from a justice of the peace, preclude the filing of the answer of the garnishee under the same circumstances.    *Affirmed.*