SOUTHERN LUMBER & MANUFACTURING COMPANY *v.* W. E. MALLETT.

[57 South. 548.]

1. JUSTICE OF THE PEACE.  *Answer of garnishee.   Time of filing.   Ap- ·peal.   Code of* 1906, *sections* ·2345-2347.

Where a party was garnished in a justice of the peace court and failed to answer on the day required by section 2347, Code of 1906, and judgment was rendered against him in said court, he cannot on appeal to the circuit court for the first time make answer in that court to such garnishment over ·the objection of the *garnishor.*

2. SAME.

·Where in such case the answer of the garnishee is filed without objection and remains on file for a long time the objection will be considered to have been waived.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge. .

Garnishment by W. E. Mallett against the Southern Lumber & Manufacturing Company.  From a judgment in the justice of the peace court for the garnishor, the garnishee appealed to the circuit court and from an order sustaining an objection to the filing of an answer in that court, the garnishee appeals.

The facts are sufficiently stated in the opinion of the court.

*Willing & Davis,* for appellant.

We submit that the motion to strike the answer of the appellant (the garnishee) from the files should have been overruled.   There is a conflict in the decisions ·of this court on that question.   This court held in the recent case of *Gulf & Ship Island Railroad Company* v. *C. H. Ramsey,* Mss. Opinion, No. 2060, that a garnishee against

whom judgment by default had been rendered in the court of the justice of the peace could not file for the first time in the circuit court an answer to the writ of garnishment. The very opposite was decided by this court as late as the March term, 1908, in the case of *Mitchell* v. *Mead,* 92 Miss. 596. We quote from the syllabus as follows:

"A garnishee against whom a judgment by default has been rendered in the court of a justice of the peace may appeal therefrom and his answer, although filed in the circuit court for the first time, should not be stricken from the record because not filed in the justice's court."

It may be that this latter decision was overlooked by the court in rendering the latter decision. This case is not referred to in the brief of counsel, nor is it mentioned in the opinion of the court.

It has uniformly been held by this court on appeal from the judgments of a justice of the peace, the case is triable *de novo,* and that any proper defense may be set up for the first time in the circuit court, and it does not make any difference whether or not the judgment was rendered by default in the lower court.

One of the reasons given by the court in the case of *Ramsey* v. *G. & S. I. R. R., supra,* is that the answer of a garnishee is like a set-off. It has been held repeatedly that a set-off cannot be filed for the first time in the circuit court on appeal because it is a cross action and must be filed in the justice of the peace court. We respectfully submit that there is no analogy between the answer to a writ of garnishment and a set-off. The answer is simply defensive, and it has always been held that matters of defense can be filed for the first time in the circuit court on appeal from the justice court. If this court stands by its latest utterance, then the case of *Mitchell* v. *Mead, supra,* will have to be expressly overruled. Should the court overrule that case, still nevertheless the learned circuit judge erred in refusing to allow the garnishee to file his answer.

*Lemuel H. Doty,* for appellee.

The court below did not err in sustaining the motion of plaintiff to strike from the files the answer of the garnishee filed for the first time in the circuit court. The answer should have been filed in the justice court on the return day, as prescribed by statute.

The lower court was following this court in the case of *Gulf & Ship Island R. R. Co.* v. *C. H. Ramsey,* see Opinion, No. 2060. The principle of law enunciated in this case is the correct interpretation of the law, as written.

The case of *Mitchell* v. *Mead,* 92 Miss. 596, is not in point, and if it is, it was overruled by the opinion in the case of the *Gulf & Ship Island R. R. Co.* v. *C. H. Ramsey,* Opinion 2060.

MAYES, C. J., delivered the opinion of the court.

There is only one question in this case that needs discussion; all others, we think, having already been settled by this court in several decisions. The appellant was garnished in a justice of the peace court on a judgment recorded by appellee against W. L. McDaniel. Appellant failed to answer on the day required by section 2347 of the Code of 1906, whereupon the justice of the peace rendered judgment for the amount of appellee's demand, as required by section 2345 of the Code. Subsequently the lumber company appealed to the circuit court, and for the first time undertook to file an answer to the garnishment, which was objected to by appellee. and the trial court sustained the objection and refused to allow the answer to be filed. Appellant excepted to the action of the court, and the case is appealed to this court.

It is argued by appellant that this court held in the case of *Mitchell* v. *Mead,* 92 Miss. 596, 46 South. 58, that the answer of the garnishee could be filed, for the first time, in the circuit court, and that the above case is in

conflict with the case of *G. & S. I. R. R. Co.* v. *Ramsey,* 54 South. 440, in which last case it is argued that the court held that the answer could not be filed. Section 2347 of the Code of 1906 is clear and positive as to when the answer of the garnishee shall be filed. The case of *G. & S. I. R R. Co.* v. *Ramsey,* 54 South. 440, but redeclares the statute. Of course, this section may be waived, and is waived if the party having the right to object to the filing of the answer out of time allows same to be filed without objection, and this was what was done in the case of *Mitchell* v. *Mead,* 92 Miss. 596, 46 South. 58. In the Mitchell case the court does not predicate its opinion upon the fact that the statute requires the answer to be on file at a certain time. The opinion of the court does not allude to the statute. The facts in the Mitchell case show that the answer was filed in the circuit court for the first time, and allowed to remain on file for more than three years, when a motion was made to strike the answer from the files, and the trial court sustained the motion, not because an answer could be filed out of time, but because the right to object had been waived by allowing the answer to be filed, and remain on file, without objection, for so long a time.

There is no conflict between the above cases, and the judgment of the court below is affirmed.

*Affirmed.*