## JAMISON v. H. K. MULFORD Co.

[67 South. 148.]

JUSTICE OF THE PEACE. *Appeal. Answer of garnishee.*
    Where a party was garnisheed in a justice of the peace court, and
    failed to answer on the day required by section 2347, Code 1906,
    and judgment was rendered against him in said court, he can-
    not on appeal to the circuit court for the first time make an-
    swer in that court to such garnishment over the objection of
    the garnishor.

. APPEAL from the circuit court of Quitman county.
HON. T. B. WATKINS, Judge.
    Garnishment by H. K. Mulford Co. against A. H.
Jamison. From a judgment for  plaintiff,  defendant
appeals.
    The facts are fully stated in the opinion of the court.

P. H. Lowrey, for appellant.

Denying the right to answer for the first time in the
circuit court is to all intents and purposes denying the
garnishee the right to appeal from a judgment by de-
fault because if he cannot answer in the circuit court,
an appeal would be worse than folly as no possible re-
lief could be had.  It is unnecessary to argue that the
denial of a right to the garnishee to file his answer
for the first time in the circuit court is the denial of a
right to appeal from a judgment by default.  If he can-
not answer for the first time in the circuit court, then
the only possible judgment which could be rendered in·
the circuit court would be against him for the full
amount of the judgment against the original defendant,
which is the same or worse than dismissing the appeal.
I shall therefore file this brief on the one question as to
whether a garnishee who makes no answer in the jus-

tice court may appeal to the circuit court. The statute allows appeals from the justice court to the circuit court by either party in civil cases. Code 1906, section 83.

Appeal is allowed by plaintiff who fails to appear and prosecute his case in the justice court and permits a judgement of dismissal. *McKinnon* v. *Horn*, 78 Miss. 307. Also by a defendant who fails to appear but permits judgment by default. *Callahan* v. *Newell*, 61 Miss 437. Even by a defendant who confesses judgment in the justice court. *James* v. *Woods*, 65 Miss. 528.

The circuit court also on appeals from a justice court tries the case *de novo* and any defense may be made in the circuit court which might originally have been made in the justice court even though the defense may be affirmative in its nature. *Amory etc.* v. *Cox*, 60 So. 641.

Where the plaintiff's account upon which the suit is brought is itemized and properly sworn to, the defendand cannot deny the items without a counter affidavit, but it is held that this affidavit may be interposed for the first time on appeal to the circuit court. Code 1906, section 1978; *Rose* v. *Watson*, 54 Miss. 673; *Railroad Co.* v. *Andrews,* 61 Miss. 474.

A garnishment is nothing more than a civil suit by a judgment plaintiff against a debtor of a judgment defendant for the amount of the judgment against the defendant because of the fact that the garnishee owes the defendant or has property belonging to the defendant in his possession. The suit is brought against the garnishee by filing with the justice of the peace a written suggestion of the indebtedness by the garnishee and a summons to the garnishee. Code 1906, section 2337.

A suit in the justice court by plaintiff against the original defendant is likewise brought by filing with the justice of the peace a statement of the cause of action and having a summons issued for the defendant. Code 1906, section 2730.

If the garnishee does not appear to defend on the return day, judgment is taken against him for the amount of the judgment against the defendant. Code 1906, section 2345. Likewise, if the original defendant when summoned does not appear on the return day, judgment is taken against him for the amount of the plaintiff's demand. Code 1906, section 2741.

Section 83, allowing appeals, applies to one the same as to the other, unless there is some reason outside of these statutes to the contrary. I am aware that we have two recent decisions of our supreme court that an answer of the garnishee cannot be filed for the first time in the circuit court, which in effect hold that a garnishee cannot appeal and has no remedy, where the judgment is taken by default. *G. & S. I. R. R. Co.* v. *Ramsey,* 54 So. 440, 98 Miss. 863; *So. Lumber Co.* v. *Mallet,* 57 So. 548, 101 Miss. 135.

If these decisions are the law and this court shall follow them, it necessarily means the affirmance of this case, but I am so thoroughly convinced of the wrongfulness of these two decisions that I dare to present the matter again to this honorable court with the hope that upon a fuller investigation of the subject, the court will see the error and correct it.

I do not understand or contend that the mere fact that a law or decision works a hardship is sufficient reason for changing the law, or decision, but this fact is worthy of consideration in deciding what the law is and in ascertaining the meaning of statutes. In the absence of the two late decisions above referred to, it seems to me there could be no doubt about the correctness of my contention that a garnishee against whom a judgment is taken by default in the justice court can appeal to the circuit court. *Little* v. *Nelson,* 61 Miss. 672; *Mitchell* v. *Mead,* 46 So. 58.

It seems to me it was not the purpose of the legislature in requiring a garnishee to answer at the first term

and permitting judgment by default in the absence of
any answer, to penalize the failure to answer by com-
pelling the garnishee to pay a debt which he did not
owe, any more than it was the purpose to penalize a
defendant in the original suit for allowing judgment
against him by default in the same way. There is no-
thing in the one statute indicating such an intention
more than in the other.

In the original suit if the defendant fails to appear
and defend, and judgment is taken, he has ten days in
which to appeal so as to correct the hardship. There
can be no reason why the garnishee should not have
the same rights and remedies. It seems to me that it
would be more reasonable to penalize the man who per-
mits judgment to be taken by default against him for
a debt alleged to be due by himself, than to penalize
the man who permits judgment taken against him for
the debt of another by the same default. I see no dif-
ference in the two so far as the effect of the statutes
are concerned. It is true that section 2345 says that
judgment against the garnishee shall be ''final,'' but
section 2341 says that an execution may be issued on
the judgment against the defendant. The word ''final''
here means nothing more than that it is not a judgment,
or an interlocutory order. Under all of the rules it
must be a final judgment of that court in order to be
appealed from.

In *Little* v. *Nelson, supra,* at page 675, the court says:
''It was however, not intended by the statute to place
garnishees upon any less favorable footing in the courts
than other defendants, nor to fix them with liability be-
cause of a slip in answering.'' This language was used
with reference to the sufficiency of an answer but the
principle announced is equally applicable in the case
at bar.

In *Mitchell* v. *Mead, supra,* the court holds that it was
improper to strike out the answer filed for the first

time in the circuit court and render judgment by default. That garnishment is an independent proceeding and is appealable, as other cases seems to be the general rule. 8 Am. & Eng. Ency. of Law (1st Ed.), page 1257 and note. In as much as the court in the case of the *Railroad Co.* v. *Ramsey, supra,* applies the same rule to answers in garnishment as to set-off, it is necessary to examine and compare the law of garnishments and the law of set-offs. Code 1906, sections 745 to 747 and 2740 are the statutes on set-off.

The Mississippi decisions on this subject so far as I have found are: *Marx* v. *Trussell,* 50 Miss. 498; *Callahan* v. *Newell,* 61 Miss. 437. See, also, 19 Ency. Pl. & Pr., page 739. And on subject of costs in appeals from court of justice of peace see Code of 1906, section 963. Now my contention is that a garnishee against whom judgment is taken by default in the court of a justice of peace should be and is entitled to the rights of appeal to which an original defendant is entitled.

This is certainly true unless there is some statute limiting his rights of appeal, or fixing a different rule.

*E. C. Black,* for appellee.

Section 2337, Code of 1906, prescribes the procedure to procure a writ of garnishment; section 2342 provides in what particular the garnishee shall answer; section 2345 directs the action of the court when garnishee shall fail to answer; section 2347 says when the garnishee shall file his answer, which is by noon on the return day of the writ, and if garnishee fails to answer on or before the return day, judgment shall be rendered against him which is final unless during the same term of court the garnishee shall show cause for setting aside said judgment; however the garnishee may appeal to the circuit court from a judgment against him in default of answer, but on appeal to the circuit court he can do nothing more than take advantage of the in-

validity of the judgment on which the writ of gar-
nishment was issued or the irregularity of the pro-
ceeding in the justice court.  Section 83, Code of 1906,
gives the right of appeal to either party from a judg-
ment of a justice of peace in all civil cases, but on this
appeal the case is tried *de novo* and no question can be
raised on appeal in the circuit court except such ques-
tions that were in issue in the justice court, this court
has so held in several cases, and it so appears in sec-
tion 86, Code of 1906.  The writ of garnishment is in
the nature of an inquiry, the garnishing creditor merely
suggests that the garnishee owes the judgment defend-
ant, etc.; there is no affirmance by the garnishing cred-
itor, therefore an issue couldn't be made by any an-
swer the garnishee might file, unless his answer should
be contested or denied, hence it is clear that this ques-
tion is not in issue in the justice court.

The motion of garnishee, appellant here, for leave to
file his answer in the circuit court was not in the nature
of a motion to amend the proceeding in the justice court
as is contended by appellant, if appellant had filed an
insufficient or irregular answer in the justice court, our
courts have held that he can amend   this   answer in
court of the justice of peace or an appeal to the circuit
court; but where no answer has been filed of course
there is nothing to amend.

Section 7240, Code of 1906, provides that a defendant
in any action in the justice court, if he desires to file a
set-off or counter-claim shall file same with the justice
of peace on or before the return day of the summons;
failing in this he will not be permitted to offer evidence
in support of this set-off nor will he be permitted for
the first time to file a set-off in the circuit court on ap-
peal.  *Marx* v. *Trussel,* 50 Miss. 498; *Callahan* v. *New-
ell,* 61 Miss. 347.

Appellant has said that the courts seem to put the
answer of garnishees and the filing of set-off in the

circuit court for the 'first time in cases appealed from
the justice court upon the same footing, and would not
permit it for the reason that the plaintiff might be
taxed with cost which he would not have been taxed
had the answer or the set-off, as the case may be, been
filed in the justice court, but I beg to submit that that
is not the reason given by the court. In *Marx* v. *Trus-
sel, supra,* the court gave as the reason for not permit-
ting a set-off to be filed for the first time, in the circuit
court, that the defense made by the set-off was not in is-
sue in the justice court, and since cases appealed from the
justice court to the circuit court are to be tried a new
summary way, the circuit court is without authority
under the statute to allow the set-off to be filed.

I can see no reason for the court disturbing the opin-
ion in the cases of *G. & S. I. Co.* v. *Ramsey,* and *So.
Lumber Co.* v. *Mallet,* for they are well reasoned opin-
ions and correctly announce the law, if the law was
otherwise, the writ of garnishment would lose the
greater part of its value as an aid to a creditor in col-
lecting his debts. If the law was written as appellant
would have it, a garnishee who did not owe the judg-
ment defendant any money or have any of his effects,
but had a friend who did owe the judgment defendant
money, could wilfully refuse to answer in the justice
court and let judgment by default be taken and appeal
to the circuit court where he could file a full answer, and
during this time his friend could, by collusion or other-
wise, pay over this money to the judgment defendant
and thereby get it out of reach of the garnishing cred-
itor, and the garnishee would be relieved from answering
that his friend had effects, etc., of the judgment defen-
dant, and, too, a plaintiff, recovering judgment in the
justice court, on which the money could not be made
without resorting to a writ of garnishment, would never
know when he had caught sufficient money to pay off his
judgment, until the case had been appealed to the cir-

cuit court and there tried and this would be unreasonable and dangerous. But on the other hand the garnishee can file his answer any time after the writ is served on him, up to noon on the return day, and on cause shown may have the case continued until the next term of court, thus giving him ample time to file his answer. *Columbus Insurance & Banking Co.* v. *Hirsh, et al.*, 61 Miss. 74. And since the garnishee must be served with the writ five days before the return day, there can be no case in which the garnishee would not have five and one-half days within which to file his answer or show cause for a continuance of the case, and I cannot imagine any circumstances under which a garnishee could not file some kind of an answer or make some showing for a continuance within this time, and if the garnishee fails in this, the presumption is that he admits a debt due equal to the demand of the plaintiff and in this assumption a final judgment will be entered against him. *Little* v. *Nelson*, 61 Miss. 672.

I respectfully submit that this case should be affirmed and the law permitted to stand as it now is.

REED, J., delivered the opinion of the court.

Appellant failed to answer a writ of garnishment issued by a justice of the peace on a judgment in his court in favor of appellee and duly served on appellant. Several days after the judgment was entered against him in accordance with the statute (section 2345, Code of 1906), appellant appealed the case to the circuit court. He presented an answer to the garnishment in the circuit court with motion for leave to file. Appellee objected to the filing of an answer for the first time in the circuit court. The trial judge sustained the objection, and refused leave to file the answer. This is assigned as error by the appellant.

The ruling in this case refusing to permit the answer to be filed for the first time in the circuit court, where

the case was on appeal from the justice of the peace court, is fully sustained by the decisions in the cases of *G. & S. I. R. R. Co.* v. *Ramsey,* 98 Miss. 863, 54 So. 440; *Lumber & Mfg. Co.* v. *Mallett,* 161 Miss. 135, 57 So. 548.

We are frankly told by counsel for appellant that we will have to affirm this case if we follow the two cases just cited. We cannot agree with counsel in his contention that the cases should not be followed. The decisions in the cases simply redeclare the statute (section 2347, Code of 1906), which is clearly stated and positive in its terms, and we therefore follow them.

*Affirmed.*